## (October 3, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MILTON SMITH, Appellant.— Judgment, Supreme Court, New York County, rendered on October 17, 1972, convicting defendant, after trial, of two counts of felony murder and one count each of burglary in the first degree and robbery in the first degree, and sentencing him to indeterminate terms of from 25 years to life on each murder conviction and not to exceed 15 years on each of the burglary and robbery convictions, all sentences to run concurrently, unanimously modified, as a matter of discretion and in the interest of justice, to the extent of reducing the minimum terms of the sentences for the counts of felony murder to 20 years, and, as so modified, the judgment is affirmed. To the extent indicated herein, the sentence was excessive. Concur — Nunez, J. P., Murphy, Steuer, Tilzer and Capozzoli, JJ.

## (October 8, 1974)

■ In the Matter of PERFECT FILM & CHEMICAL CORPORATION, Respondent, v. LAWRENCE I. WEISMAN et al., Appellants, and SHEILA WEISMAN, Intervenor-Respondent.— Orders, Supreme Court, New York County, entered on January 14, 1974 and April 19, 1974, respectively, unanimously modified, on the law, to the extent of granting interest upon the award of the arbitrators from the date thereof, July 3, 1973, and otherwise affirmed, with $60 costs and disbursements to the intervenor-respondent against claimant-appellant Lawrence I. Weisman. (See CPLR 5002; Matter of Durant (MVAIC), 15 N Y 2d 408.) Settle order on notice. Concur — Markewich, J. P., Murphy, Lupiano, Tilzer and Lane, JJ.

■ ROSALIND HAMPTON, as Administratrix of the Estate of HAROLD L. HAMPTON, Deceased, Appellant-Respondent, v. LEONARD ROSE et al., Respondents-Appellants.— Order, Supreme Court, New York County, entered on April 5, 1974, unanimously modified, on the law and in the exercise of discretion, to allow the deposition of the witness Cerrino to be taken by plaintiff, and otherwise affirmed, without costs and without disbursements. The witness sought to be examined was employed in the dental office in which plaintiff's decedent met his death, allegedly by reason of defendants' negligence, and she attended during the fatal episode. These are special circumstances which support plaintiff's application. (See O'Riordan v. Northern Westchester Hosp., 19 A D 2d 899.) Settle order on notice, which shall fix a date for the deposition. Concur — McGivern, P. J., Markewich, Nunez, Kupferman and Capozzoli, JJ.